IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| T.C. as next friend of STUDENT, a minor child | § § § | |
| Plaintiffs | § § | |
| VS. | § § | Case No. 4:13cv186 |
| LEWISVILLE INDEPENDENT SCHOOL DISTRICT | § § § § | |
| Defendant | § | |

**MEMORANDUM OPINION AND ORDER REGARDING
CONSIDERATION OF ADDITIONAL EVIDENCE**

Now before the Court is Plaintiffs' Motion to Present Additional Evidence (Dkt. 36). As set forth fully below, the motion is GRANTED in part and DENIED in part.

In this case, Plaintiffs as next friends of "Student," a minor child, are appealing the decision in favor of Defendant Lewisville ISD rendered by the Special Education Hearing Officer in a special education due process hearing conducted pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C § 1400, *et seq*. In their motion, Plaintiffs seek to present evidence in addition to the record from the administrative hearing for the Court's consideration. Defendant opposes.

### STANDARD

Although the role of the judiciary under the IDEA is limited and the choice of educational policies and methods is the hands of state and local school officials, "a federal district court's review of a special education hearing officer's decision in a due process hearing is virtually *de novo*." *S.H.*

1

*ex rel. A.H. v. Plano Indep. Sch. Dist.*, 487 Fed. App'x 850, 855-856 (5th Cir. 2012). While the district court must give "due weight" to the hearing officer's decision, it must reach an independent decision based on a preponderance of the evidence before it. *Klein Indep. Sch. Dist. v. Hovem*, 690 F.3d 390, 394 (5th Cir. 2012)*; Houston Indep. Sch. Dist. v. V.P. ex rel. Juan P.,* 582 F.3d 576, 583 (5th Cir.2009); *Houston Indep. Sch. Dist. v. Bobby R.*, 200 F.3d 341, 347 (5th Cir. 2000); *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 252 (5th Cir. 1997); *Teague Indep. Sch. Dist. v. Todd L.*, 999 F.2d 127, 131 (5th Cir. 1993); *Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist., Westchester County v. Rowley*, 458 U.S. 176, 206, 102 S. Ct. 3034, 73 L. Ed.2d 690 (1982). The Court's task therefore is not to second guess a school district's decisions or impose its own plans for the education of disabled students; rather, it is the narrow one of determining whether the District complied with the IDEA. *White v. Ascension Parish Sch. Bd.*, 343 F.3d 373, 377 (5th Cir. 2003).

 As to what evidence the Court is to consider, the statutory framework of the IDEA provides:

 In any action brought under this paragraph, the court –

 (i) shall receive the records of the administrative proceedings;

 (ii) ***shall hear additional evidence at the request of a party***; and

 (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C.A. § 1415(i)(2)(C) (emphasis added).

 The plain statutory language of the IDEA directs courts to "hear additional evidence at the request of a party," and Fifth Circuit opinions are clear that additional evidence should be considered

as part of a district court's *de novo* review of a special education hearing officer's decisions under the IDEA. *Alvin Indep. Sch. Dist. v. A.D. ex rel. Patricia F.*, 503 F.3d 378, 382 -383 (5th Cir. 2007) (citing *Teague Indep. Sch. Dist. v. Todd L.,* 999 F.2d 127, 131 (5th Cir.1993) ("the hearing officer's findings are not conclusive and the district court may take additional evidence and reach an independent conclusion based upon the preponderance of the evidence.")). Thus, in addressing a claim under the IDEA, a district court "is to receive the administrative record, hear additional evidence at the request of any party, and grant such relief as it deems appropriate." *D.G. v. Flour Bluff Indep. Sch. Dist.*, 481 Fed. App'x 887, 891 (5th Cir. 2012). As our sister court in the Western District has noted "Fifth Circuit opinions use language suggesting district courts have little discretion to reject additional evidence." *Caldwell Indep. Sch. Dist. v. L.P.*, 2012 WL 10218711, 2 (W.D. Tex. 2012) (citing *Houston Indep. Sch. Dist. v. Bobby R.*, 200 F.3d 341, 347 (5th Cir. 2000) ("[The district court] must receive the record of the administrative proceedings and is then *required* to take additional evidence at the request of any party.")) (emphasis added).

However, the Fifth Circuit has yet to directly address how "additional evidence" is defined in this Circuit. As the District Court of the Southern District of Texas has explained:

> The Fifth Circuit has yet to consider IDEA's additional evidence language; however, our sister courts have followed the majority of circuits by applying the *Town of Burlington* standard to determine what constitutes permissible "additional evidence." The general consensus is that IDEA's additional evidence provision is limited, and the decision of whether to allow additional evidence is within the discretion of the district court. This authority is necessary to protect the role of the administrative hearing as the primary forum in which to resolve disputes regarding IEPs-to avoid turning the administrative hearing into a mere dress rehearsal followed by an unrestricted trial de novo in the district court. If parties could always introduce additional evidence in the district court to patch up

3

> holes in their administrative case, administrative proceedings would not longer receive due weight. Courts should limit or disallow testimony for all who did, or could have testified before the administrative hearing. In the absence of special circumstances, courts should ordinarily exercise [their] discretion in favor of excluding the belatedly offered evidence.

*D.A. v. Houston Indep. Sch. Dist.*, 716 F. Supp.2d 603, 616 (S.D. Tex. 2009) (internal quotations and citations omitted). And, it has been noted in this District by Judge Schell that "[a]lthough the *Burlington* court declined to adopt a rigid rule precluding the testimony of all who did, or could have, testified at the administrative hearing, it noted that exclusion would be the proper result in the majority of the cases." *S.H. ex rel A.H. v. Plano Indep. Sch. Dist.*, 2009 WL 500180, 2 (E.D. Tex. 2009) (citing *Marc V. v. North East Indep. Sch. Dist.*, 455 F. Supp.2d 577, 587 (W.D. Tex. 2006), *aff'd,* 242 Fed. App'x 271 (5th Cir. 2007)).

**ANALYSIS**

Here, Plaintiffs seek to offer the live testimony of their autism expert, Dr. Ruth Aspy, who testified at the due process hearing during Plaintiffs' case-in-chief. Plaintiffs argue that Dr. Aspy was not available to return to the due process hearing to testify in rebuttal regarding the testimony of teachers and the school district's school psychologist. Plaintiffs argue that they "could not know in advance of the special education due process hearing exactly what the substance of the testimony of the District's personnel might be, and after that testimony occurred, Dr. Aspy was not available to return to the hearing to testify in rebuttal." Dkt. 36 at 5. Plaintiffs ask that the Court allow Dr. Aspy to offer live testimony "for the sole purpose of rebutting the testimony of the District's personnel with respect to whether the District properly identified the student's educational

disabilities, and whether, without proper identification, the special education and related services provided to S.C. were reasonably calculated to provide a free, appropriate public education, as required by IDEA." Dkt. 36 at 5-6.

As noted above, without specific guidance from the Fifth Court, district courts within the Circuit, including this one, have applied the *Town of Burlington* standard to determine what constitutes permissible "additional evidence." *See E.C. v. Lewisville Indep. Sch. Dist.*, 2012 WL 1070131, 2 (E.D. Tex. 2012); *S.H. ex rel A.H. v. Plano Indep. Sch. Dist.*, 2009 WL 500180, 2 (E.D. Tex. 2009); *Marc V. v. North East Indep. Sch. Dist.*, 455 F. Supp.2d 577, 587 (W.D. Tex. 2006), *aff'd,* 242 Fed. App'x 271 (5th Cir. 2007)*; D.A. v. Houston Indep. Sch. Dist.*, 716 F. Supp.2d 603, 616 (S.D. Tex. 2009). Under the *Burlington* court's construction of Section 1415, the IDEA "does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony; this would be entirely inconsistent with the usual meaning of 'additional.'" *Town of Burlington v. Dep't of Educ. for Com. of Mass.*, 736 F.2d 773, 790 (1st Cir. 1984). Permissible reasons for supplementing the record with additional evidence include "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Id.* Accordingly, this Court has previously found that Section 1415's requirement that the Court consider additional evidence upon the request of a party does not apply to any evidence that was available or readily discoverable at the time of the administrative hearing. *See E.C. v. Lewisville Indep. Sch. Dist.*, 2012 WL 1070131, 2 (E.D. Tex. 2012).

Here, Plaintiffs seek to offer rebuttal testimony of a hearing witness they claim was unavailable for rebuttal. Defendant cites to the administrative record of the due process hearing to argue that Plaintiffs stated that they had nothing in rebuttal and failed to make any argument regarding the necessity of any rebuttal testimony from Aspy. Indeed, nothing in the record shows any due diligence by Plaintiffs to present Aspy's rebuttal testimony to the special education hearing officer before a decision was made. *See P.R. v. Shawnee Mission Unified Sch. Dist. No. 512*, 2012 WL 1534793, 4 (D. Kan. 2012).[1] The Court also notes, as does Defendant, that little explanation is given for Aspy's "unavailability."

There is little guidance, and no governing authority, regarding whether the unavailability of a witness must be preserved on the record of the due process hearing in order for it to be considered as additional evidence under Section 1415's mandates. However, given that one of the *Burlington* factors is unavailability of the witness and given that counsel making the representation of the witness's unavailability is an officer of the Court, the Court is satisfied that one of the *Burlington*

---

[1] "The *Burlington* factors suggesting admission of additional evidence are primarily addressed to remedying issues outside of a plaintiff's control, such as unavailability of a witness or 'gaps in the administrative transcript owing to mechanical failure.' *Id.* at 790–91. When a party chooses not to introduce evidence below, whether through oversight or for deliberate, strategic reasons, there is less of a case for admitting the evidence on review. *See Walker Cnty. Sch. Dist. v. Bennett,* 203 F.3d 1293, 1297 (11th Cir. 2000) (permitting previously available evidence to be offered in the district court "would raise the dual concerns of unfairly permitting the parties to reserve their best evidence for trial while essentially converting an administrative review proceeding into a trial *de novo* "); *Brandon H. ex rel. Richard H. v. Kennewick Sch. Dist. No. 17,* 82 F. Supp.2d 1174, 1179, 1183 (E.D. Wash. 2000) (declining to admit additional evidence that was available to the plaintiff at the administrative level where plaintiff "failed to show that he could not have, by due diligence, discovered the information in time to offer it at the hearing")."

factors is present.

Mindful of Section 1415's inclusion of the word "shall," the Court GRANTS in part and DENIES in part Plaintiffs' motion. Critical to the Court's analysis is the *Burlington* court's refusal to adopt a rigid rule preventing any "testimony from all who did, or could have, testified before the administrative hearing," noting the importance of the expert testimony in aiding the court in making its decision and the possible reasons, including expense, for not presenting some or all expert testimony at the hearing. *Town of Burlington*, 736 F.2d at 790 -91. And the Court notes that it is difficult to assess the helpfulness of any rebuttal testimony from Dr. Aspy without having the full briefing before the Court.

The Court will consider as additional evidence a sworn affidavit of Dr. Aspy containing her rebuttal opinions, and Defendant may include as additional evidence any requisite counter-affidavits. The scope of the rebuttal testimony shall be limited in accordance with applicable precedent and new or repetitive opinions from Dr. Aspy will not be considered. *See Tramonte v. Fibreboard Corp.,* 947 F.2d 762, 764 (5th Cir. 1991). What weight and importance the Court will give to the rebuttal testimony is best reserved for when the parties' briefing on the administrative record is before the Court. *Id.* at 790 ("The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding."). If the Court finds that live testimony is warranted, the parties will be so notified.

The Court further notes that the current scheduling order is contingent upon the Court's determination of Plaintiffs' request for the consideration of additional evidence. Within 10 days of

the date of this Order, the parties shall confer and submit a proposed agreed amended scheduling order to govern the remaining deadlines in this case, having considered the Court's findings herein. The parties shall include in their scheduling order a deadline for Plaintiffs to submit Dr. Aspy's rebuttal affidavit to Defendant, followed by a deadline for Defendant to produce any additional counter-affidavits to Plaintiffs. The parties shall be mindful that the scope of the additional evidence permitted is very narrow, and they shall act in good faith in submitting the matter to the Court for final resolution.

    SO ORDERED.
    SIGNED this 14th day of January, 2015.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE